UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DESHAWN BROOKSHIRE DAVIS,

    Plaintiff,

v.                                            Case No: 6:25-cv-1269-JSS-NWH

CHARTER SCHOOLS USA, INC.,

    Defendant.
_____/

**ORDER**

Defendant moves to dismiss Plaintiff's complaint. (Dkt. 19.) Plaintiff, proceeding pro se,[1] opposes the motion. (Dkts. 21.) Upon consideration, for the reasons outlined below, the court grants in part and denies in part Defendant's motion.

**BACKGROUND**

Plaintiff, an African-American woman, claims that she was discriminated against by Defendant, Charter Schools USA, her employer. (*See* Dkt. 1.) Plaintiff states that she was "placed on unpaid administrative leave on or about May 23, 2025, despite no documented misconduct" and that she "was subjected to disparate treatment compared to non-Black employees who engaged in similar conduct without similar consequences." (*Id.* at 2.) Plaintiff further alleges that she "was constructively

---

[1] The court recommends that all pro se litigants read the court's Guide for Proceeding Without a Lawyer, available as a PDF file from https://www.flmd.uscourts.gov/litigants-without-lawyers, and that they avail themselves of the other resources found through this website.

discharged due to a discriminatory work environment, leaving her with no reasonable alternative but to resign under duress" and that she "was denied advancement opportunities despite her qualifications and performance." (*Id.*)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to "contain . . . a short and plain statement of [a] claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires the plaintiff to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To "promote clarity," Rule 10(b) also requires the plaintiff to state "each claim founded on a separate transaction or occurrence . . . in a separate count." *Id.* "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. A court should dismiss a complaint as a shotgun pleading "where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* at 1325 (emphasis omitted) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

Although courts "give liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se plaintiffs are

still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))). Further, the leniency with which courts treat pro se plaintiffs does not permit courts to "serve as de facto counsel" or "rewrite an otherwise deficient pleading." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## ANALYSIS

Defendant moves to dismiss the complaint for failure to state a claim. (Dkt. 19.) Although Defendant does not directly state that the complaint constitutes a shotgun pleading, (*see id.*), Defendant asserts that the complaint "consists of very limited factual allegations, and the few that are included are vague, generalized, and conclusory." (*Id.* at 1.) The court determines that the complaint is a shotgun pleading, and because "the district court ought to take the initiative to dismiss . . . [a] shotgun pleading," the court grants the motion to dismiss on that basis and does not address the remaining arguments. *Weiland*, 792 F.3d at 1321 n.10; *see Magluta v. Samples*, 256 F.3d 1282, 1284–85 (11th Cir. 2001) (declining to address the merits of the claims in a shotgun pleading in the interest of judicial economy); *Murray v. Taylor*, No. 6:24-CV-6-CEM-LHP, 2024 WL 4956968, at *4 (M.D. Fla. July 31, 2024), *report and recommendation adopted by* No. 6:24-CV-6-CEM-LHP, 2024 WL 4647947, at *2 (M.D. Fla. Nov. 1, 2024) (collecting cases); *Laing v. Cordi*, No. 2:11-CV-566-FTM-29, 2012

WL 2999700, at *2 (M.D. Fla. July 23, 2012) ("[T]he [c]ourt cannot resolve the substantive issues [in the motions to dismiss] because the [operative] [c]omplaint is a shotgun pleading.").

Plaintiff's complaint is a shotgun pleading. The Eleventh Circuit has identified four categories of shotgun pleadings. *See Weiland*, 792 F.3d at 1321–23. The complaint implicates at least the first two categories. (*See* Dkt. 1-1.) First, it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321; *see Smith v. Bos. Sci. Corp.*, No. 3:21-CV-815-MMH-JRK, 2021 WL 11132751, at *1 (M.D. Fla. Aug. 27, 2021) (striking a complaint as a shotgun pleading where each count stated that "[the p]laintiff realleged[d] and incorporate[d] by reference each and every allegation of th[e] [c]omplaint as if each were set forth fully and completely herein"). (*See* Dkt. 1 at 2–3 (stating at count four, numbered paragraph twenty, "Plaintiff realleges and incorporates paragraphs [one] through [twenty-one] as though fully stated herein").)

Second, the complaint contains "conclusory, vague, and immaterial facts." *Weiland*, 792 F.3d at 1322. The complaint's factual allegations do not provide details or other information to support the claims. (*See* Dkt. 1 at 2.) The conclusory and vague nature of the complaint makes it a shotgun pleading. *See Dubose v. Wish Farms Inc.*, No. 8:24-CV-01810-KKM-TGW, 2024 WL 4987427, at *1 (M.D. Fla. Sept. 26, 2024) (holding that a complaint was a shotgun pleading where the plaintiff "reference[d] various years in h[er] complaint . . . but d[id] not explain what occurred

in those years"). Plaintiff must support her claims with "enough factual allegations" to make them plausible. *Pinson v. JPMorgan Chase Bank, Natl. Assn.*, 942 F.3d 1200, 1215 (11th Cir. 2019).

Plaintiff responds that her complaint "sets forth detailed allegations." (Dkt. 21 at 2.) However, Plaintiff then includes new information not provided in the complaint, such as the fact that "a white assistant principal [was] present and equally made aware of the incident that took place on campus," though it is unclear what incident Plaintiff is referencing. (*Id.* at 3.) Similarly, Plaintiff for the first time alleges other facts not included in the complaint. (*See id.* at 4 ("When Plaintiff raised concerns to Deputy, her direct supervisor, the concern went unacknowledged."); *id.* ("The Florida Department of Commerce Appeals Referee issued a favorable ruling for Plaintiff, finding that her resignation was due to discrimination."); *id.* ("[T]he Human Resource department . . . belatedly sent Plaintiff an email . . . requesting completion of an 'Exit Interview.'").) Plaintiff may not add facts to her complaint in a response brief. *See Lay v. Storm Smart Bldg. Sys., Inc.*, No. 2:23-CV-584-JLB-KCD, 2024 WL 3470295, at *3 (M.D. Fla. July 19, 2024) ("A complaint cannot be amended by a response to a motion to dismiss."); *see also Equal Emp. Opportunity Comm'n v. Lab. Sols. of AL LLC*, 242 F. Supp. 3d 1267, 1284 (N.D. Ala. 2017) (dismissing claims when new facts were alleged in the plaintiff's response to the motion to dismiss that were not alleged in the complaint). Plaintiff's purported additions are also indicative of the underlying pleading deficiency—specifically, that the complaint provides no factual content or context from which the court or Defendant may reasonably infer that Defendant

violated Plaintiff's rights. *See Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them."). The court is left to speculate regarding why Plaintiff was placed on unpaid administrative leave and how she was allegedly subjected to disparate treatment. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (stating that a complaint's factual allegations must be enough to raise a right to relief above the speculative level); *see also Weiland*, 792 F.3d at 1323 (observing that the "unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests").

    The court permits Plaintiff to amend her complaint and to add facts as long as she complies with all directions in this order. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When a litigant files a shotgun pleading, . . . a district court must sua sponte give [her] one chance to replead before dismissing [her] case with prejudice on non-merits shotgun pleading grounds."); *Isaac v. United States*, 809 F. App'x 595, 599 (11th Cir. 2020) ("While [the Eleventh Circuit] said that *Vibe Micro* applied to counseled parties, there is no indication that it would not apply to pro se litigants, especially since pro se parties are entitled to more leniency."). If Plaintiff repleads, she shall heed this order to avoid a future shotgun pleading. *See Vibe Micro*, 878 F.3d at 1296. The court cautions Plaintiff that an amended complaint supersedes a previous complaint, meaning that any information Plaintiff currently knows or has access to that is relevant to the claims and Plaintiff wants the court to consider should

be included in the amended complaint. *See TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1327 (11th Cir. 2020). If Plaintiff files an amended complaint, she shall include factual allegations supporting the elements for each count's claim because "a formulaic recitation of the elements of a cause of action," standing alone, "will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Each count must include only the elements and facts applicable to it. *See Ely v. Mobile Cnty. Sch. Bd.*, No. 15-566-KD-M, 2016 WL 3188926, at *8, 2016 U.S. Dist. LEXIS 73665, at *21 (S.D. Ala. May 11, 2016) ("[The p]laintiff should clearly state under each count the law under which [s]he is proceeding[,] clearly list what facts apply to that count[,] clearly explain under each count how the legal right implicated by that count was violated (including how each element of the cause of action is alleged)[,] and clearly articulate the relief requested—all with statements of relevant facts rendering the claims plausible but without excessive tangential or irrelevant material."), *report and recommendation adopted by* 2016 WL 3189244, at *1, 2016 U.S. Dist. LEXIS 73663, at *1 (S.D. Ala. June 7, 2016). "Plaintiff shall incorporate into each count only those factual allegations necessary to support the count." *Pringle v. Seminole Cnty. Pub. Sch.*, No. 6:24-CV-835-JSS-DCI, 2025 WL 20019, at *7 (M.D. Fla. Jan. 2, 2025).

## CONCLUSION

Accordingly:

1. The motion to dismiss (Dkt. 19) is **GRANTED in part and DENIED in part**. Plaintiff's complaint (Dkt. 1) is **DISMISSED without prejudice** as a shotgun pleading. The motion is otherwise **DENIED without prejudice**.

2. Plaintiff may file an amended complaint on or before October 31, 2025. The court cautions Plaintiff that "an order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the deadline to amend expires without the plaintiff amending its complaint or seeking an extension." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020).

3. If the amended complaint fails to correct the deficiencies identified in this order or to comply with any of this order's directives, the court may dismiss the amended complaint without notice to Plaintiff.

**ORDERED** in Orlando, Florida, on October 3, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party